DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Allstate Insurance Company ("Allstate"), appeals from the judgment of the Summit County Court of Common Pleas. We reverse.
On October 7, 1996, Steven M. Shartle, appellee, was involved in a collision with Jennifer Dougherty in West Virginia. Jennifer Dougherty negligently operated her vehicle, causing the accident. Allstate insured Mr. Shartle at the time of the collision. The policy was purchased and issued in Ohio to Mr. Shartle, an Ohio resident, and insured vehicles principally garaged in Ohio.
In February 1998, Mr. Shartle settled his damage claim against Jennifer Dougherty for an amount equal to her insurance policy coverage limit, $50,000. Allstate also issued Jennifer Dougherty's policy. Mr. Shartle's damages, however, exceeded the coverage limits on Jennifer Dougherty's policy. Mr. Shartle then pursued a claim against Allstate under his own policy's underinsured motorist coverage. His applicable coverage limits are $25,000 per person and $50,000 per accident.
On September 24, 1998, Mr. Shartle filed a complaint for declaratory judgment and monetary relief in the Summit County Court of Common Pleas to determine whether he was entitled to recover under the underinsured motorist provisions of his own policy and the amount he would be thereby entitled to recover. The parties signed a stipulation of facts on December 18, 1998. On January 14, 1999, Mr. Shartle moved for summary judgment. On February 3, 1999, the trial court bifurcated the damage issue from the declaratory judgment issue, treating Mr. Shartle's brief in support of his motion for summary judgment as his brief in support of declaratory judgment. Allstate then, on February 5, 1999, moved for declaratory judgment. In a judgment entry dated March 3, 1999, the trial court ruled that West Virginia law applies to Mr. Shartle's insurance policy with Allstate, making the $25,000 in underinsured motorist coverage under his policy available to cover that portion of his damages that exceeded Jennifer Dougherty's coverage limits. On March 25, 1999, the parties stipulated that Mr. Shartle's damages exceeded Jennifer Dougherty's coverage limits and the trial court found that there was no just reason to delay an appeal. This appeal followed.
Allstate asserts one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT REGARDING RECOVERY AVAILABLE UNDER UM/UIM POLICY AND IN DENYING DEFENDANT ALLSTATE INSURANCE COMPANY'S MOTION FOR DECLARATORY JUDGMENT.
Allstate asserts that the trial court erred in applying West Virginia law rather then Ohio law to Mr. Shartle's insurance policy with Allstate. Allstate contends that, while under West Virginia law Mr. Shartle may be able to recover the full amount of his underinsured motorist coverage from Allstate, under Ohio law Mr. Shartle could only recover damages in the amount that his underinsured motorist coverage exceeded Jennifer Dougherty's coverage. As Jennifer Dougherty's coverage amount exceeded Mr. Shartle's underinsured motorist coverage amount, Allstate asserts that Mr. Shartle cannot recover under his own policy based on Ohio law, which should be applied here. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a trial court's entry of summary judgment isde novo, applying the same standard as that used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Moreover, a declaratory judgment action to determine the rights of the insured under an insurance policy is a question of law and properly tried before the trial court judge rather than a jury.Leber v. Smith (1994), 70 Ohio St.3d 548, 553. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
If the basis of an action is in tort, the factors set forth by the Restatement of Law 2d, Conflicts of Law, control whether Ohio law or the law of another state applies. Simcox v. WestfieldCos. (Apr. 29, 1998), Medina App. No. 2697-M, unreported, at 6, discretionary appeal allowed (1998), 83 Ohio St.3d 1434;Nationwide Mut. Ins. Co. v. Black (1995), 102 Ohio App.3d 235,238-39; Miller v. State Farm Mut. Auto. Ins. Co. (C.A.6, 1996),87 F.3d 822, 824. If, however, the action is in contract, the law of the state where the contract is made governs. Nationwide Mut.Ins. Co. v. Ferrin (1986), 21 Ohio St.3d 43, 44 (stating that "[i]t is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract"); Westfall v. Nationwide Mut. Ins.Co. (June 30, 1999), Jefferson App. No. 98-JE-22/Columbiana App. No. 98-CO-43, unreported, at 6; Miller, 87 F.3d at 825. Although the underlying trigger of the insurer's liability generally sounds in tort, such as an automobile accident, when a court is asked to determine an insurer's liability by interpreting contract provisions, that issue sounds in contract. Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, 341; Fiste v. Atlantic Mut.Ins. Co. (1994), 94 Ohio App.3d 165, 167. Moreover, "`case law has made clear that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort.'" Westfall, supra, at 6, quoting Salem Community Hosp.v. State Farm Ins. Co. (Feb. 23, 1999), Columbiana App. No. 97-CO-33, unreported.
The trial court erred by applying West Virginia law to determine the rights of the insured under the contract in question. It is undisputed that the insurance contract was executed in Ohio. Moreover, the contract insured vehicles primarily garaged in Ohio, by an Ohio resident. Hence, we conclude that, as the contract was made in Ohio, the trial court erred as a matter of law by applying West Virginia law to it.[1] Allstate's assignment of error is sustained.
Allstate's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT BAIRD, P.J.
WHITMORE, J.
CONCUR
[1] Mr. Shartle also asserts that R.C. 3937.18 is unconstitutional as violative of Section 16, Article I of the Ohio Constitution, the Fourteenth Amendment to the United States Constitution and the Equal Protection Clause. These issues are, however, not ripe for review as "[t]he trial court simply did not reach or rule on [these] issue[s.]" Egan v. Natl. Distillers Chem. Corp. (1986), 25 Ohio St.3d 176, 177. See, also, ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 90, fn. 6.