DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Safeco Insurance Company of Illinois ("Safeco"), appeals from the judgment of the Summit County Court of Common Pleas. We reverse.
 I.
In 1994, appellants Jacob and his wife Brenda S. Ohayon applied for insurance for their automobiles from Safeco. Safeco issued a policy, which became effective on May 8, 1994. Both Mr. and Mrs. Ohayon resided in Akron, Ohio, at the time the policy was issued. The policy was issued through the U.S. Insurance Agency, Inc., which is located in Akron, and the insured vehicles were principally garaged at the Ohayon residence in Akron. The policy was renewed biannually thereafter. The renewals continued up to and including the period of May 8, 1996 to November 8, 1996. Mr. and Mrs. Ohayon had three vehicles insured under the Safeco automobile insurance policy. The insurance contract underinsured motorist coverage limits were $100,000 per person and $300,000 per accident.
On August 6, 1996, while appellant Jonathon Ohayon, who is Mr. and Mrs. Ohayons' son, was visiting a mall in Sharon, Pennsylvania, he was struck by an automobile. Jonathan was afoot at the time the accident occurred. Jonathan suffered severe injuries to his leg and had to be airlifted from Sharon to Allegheny Hospital in Pittsburgh, where he spent several weeks convalescing. Jonathan settled his claim against the tort-feasor for the tort-feasor's insurance policy bodily injury coverage limit of $100,000.
On July 25, 1997, Jacob, Brenda, and Jonathan Ohayon ("the Ohayons") filed a complaint seeking declaratory judgment in the Summit County Court of Common Pleas against Safeco on their own insurance policy. The Ohayons sought that the court declare that: (1) Pennsylvania tort law applies to their underinsured motorist claims; (2) that Jonathan is entitled to stack the coverage amounts for each vehicle insured, up to $300,000 plus interest and costs; (3) that no set-offs apply; (4) that Jacob and Brenda Ohayon are each entitled to collect the per person limit on their underinsured motorist policy for the loss of their son's consortium and stack the policy limits to a combined total of $600,000; and (5) that the Ohayons are entitled to fees and pre-judgment interest. The Ohayons filed a motion for partial summary judgment on January 30, 1998, and Safeco filed a cross-motion for summary judgment April 17, 1998. The trial court, in a decision journalized on July 15, 1998, granted the Ohayons' motion for partial summary judgment, ruling that Pennsylvania law was controlling. Hence, the trial court concluded that the Ohayons were entitled to stack their coverages without any set-offs being applied. The trial court found that no just reason for delaying an appeal of these issues existed. This appeal followed.
 II.
Safeco asserts three assignments of error. We will address each in turn, consolidating the first two.
A.
First Assignment of Error
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT APPLIED OHIO'S TORT CONFLICT OF LAWS ANALYSIS IN A DECLARATORY JUDGMENT ACTION AND HELD THAT PENNSYLVANIA LAW APPLIED TO THE INTERPRETATION OF AN OHIO CONTRACT OF INSURANCE.
Second Assignment of Error
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENIED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AS UNDERINSURED MOTORIST COVERAGE IN OHIO IS GROUNDED IN CONTRACT; THUS, SET-OFF OF A TORTFEASOR'S [sic] LIABILITY LIMITS IS REQUIRED AND STACKING OF COVERAGE IS PROHIBITED.
Safeco asserts that the trial court should have applied contract rather than tort choice of law analysis in determining whether the law of Ohio or the law of Pennsylvania controls the interpretation of the instant insurance contract. Moreover, Safeco argues that the trial court erred in applying tort choice of law analysis, concluding that Pennsylvania law applies. Furthermore, appellant avers that Ohio law controls the interpretation of the insurance contract because the trial court should have performed contract choice of law analysis. Finally, Safeco asserts that the trial court erred in granting partial summary judgment in favor of the Ohayons based on Pennsylvania law, allowing the Ohayons to stack their coverage limits and disallowing Safeco's asserted set-off of the tort-feasor's coverage amount. We agree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a trial court's entry of summary judgment isde novo, applying the same standard as that used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Moreover, a declaratory judgment action to determine the rights of the insured under an insurance policy is a question of law and properly tried before the trial court judge rather than a jury.Leber v. Smith (1994), 70 Ohio St.3d 548, 553. "Unlike determinations of fact which are given great deference, questions of law are reviewed by a court de novo." Nationwide Mut. FireIns. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
If the basis of an action is in tort, the factors set forth by the Restatement of Law 2d, Conflicts of Law, control whether Ohio law or the law of another state applies. Simcox v. WestfieldCos. (Apr. 29, 1998), Medina App. No. 2697-M, unreported, at 6, discretionary appeal allowed (1998), 83 Ohio St.3d 1434;Nationwide Mut. Ins. Co. v. Black (1995), 102 Ohio App.3d 235,238-39; Miller v. State Farm Mut. Auto. Ins. Co. (C.A.6, 1996),87 F.3d 822, 824. If, however, the action is in contract, the law of the state where the contract is made governs. Nationwide Mut.Ins. Co. v. Ferrin (1986), 21 Ohio St.3d 43, 44 (stating that "[i]t is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract"); Westfall v. Nationwide Mut. Ins.Co. (June 30, 1999), Jefferson App. No. 98-JE-22/Columbiana App. No. 98-CO-43, unreported; Miller, 87 F.3d at 825. Although the underlying trigger of the insurer's liability generally sounds in tort, such as an automobile accident, when a court is asked to determine an insurer's liability by interpreting contract provisions, that issue sounds in contract. Landis v. Grange Mut.Ins. Co. (1998), 82 Ohio St.3d 339, 341; Fiste v. Atlantic Mut.Ins. Co. (1994), 94 Ohio App.3d 165, 167. Moreover, "`case law has made clear that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort.'" Westfall, supra, quoting Salem Community Hosp. v.State Farm Ins. Co. (Feb. 23, 1999), Columbiana App. No. 97-CO-33, unreported.
The trial court erred when it applied tort choice of law analysis to determine rights under an insurance contract. The Ohayons argue that our decision in Black is controlling. However, our decision in Black is based upon "the underlying cause of action [being] one for personal injuries" rather than one based on contract rights. Black, 102 Ohio App.3d at 238, fn. 1. Hence, we conclude that, because the cause of action was based upon the terms of the insurance contract rather than a determination of fault in the underlying tort action, the trial court erred in applying tort choice of law principles in the instant case; therefore, contract choice of law principles govern.
Applying contract choice of law principles, the trial court erred by applying Pennsylvania law to the instant insurance contract. The insurance contract was executed in Ohio and insured vehicles principally garaged in Ohio. Hence, we conclude that, as the contract was made in Ohio, the trial court erred as a matter of law by applying Pennsylvania law to it.
Safeco further argues that summary judgment on the issues of stacking and a set-off for the tort-feasor's coverage was improperly granted to the Ohayons and improperly denied to Safeco. Although current Ohio law may partially support this contention,[1] the Ohayons assert that, even if Ohio law applies, a material issue remains in dispute. They aver that the insurance contract went into force on May 8, 1994 before Am.Sub.S.B. No. 20 was enacted on October 20, 1994. Moreover, they assert that a material issue exists as to whether the subsequent renewals of the insurance contract represented a new contract, bringing the contract under current law, or a continuation of the existing contract, mandating application of the law in effect when the contract was made.
 [T]he only instances in which Am.Sub.S.B. No. 20 could have been incorporated into the appellants' polic[y] of insurance with appellee without impairing the obligation of contract would have been if a new contract of insurance had been entered into, or a renewal (representing a new contract of insurance) of the existing policy had occurred.
Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, 289. The record before us presents scant evidence on this issue. "One cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment when there is a dearth of evidence available in the first place." Tucker v. Webb Corp. (1983),4 Ohio St.3d 121, 123. See, also, Hatzlachh Supply, Inc. v.Appliance Ctr. of Toledo, Inc. (Sept. 30, 1988), Lucas App. No. L-88-040, unreported (stating that the lack of evidence on key issues renders summary judgment inappropriate).
Hence, we conclude that the trial court erred in granting summary judgment to the Ohayons because, as noted above, the trial court applied Pennsylvania rather than Ohio law; however, we decline to hold that the trial court erred by failing to enter summary judgment in Safeco's favor, as a material fact remains in dispute. Moreover, the application of Ohio law to the contract was not passed upon by the trial court and, hence, is not properly before this court. Mills-Jennings, Inc. v. Dept. of LiquorControl (1982), 70 Ohio St.2d 95, 99. Safeco's first two assignments of error are sustained to the extent that they allege that the trial court erred in applying Pennsylvania law to the instant insurance contract and allege that the trial court erred in entering summary judgment on that basis.
C.
Third Assignment of Error
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RULE THAT OHIO LAW APPLIED TO THIS DECLARATORY JUDGMENT ACTION, AND THAT, THEREFORE, PLAINTIFFS-APPELLEES ARE NOT ENTITLED TO ATTORNEY'S FEES, PREJUDGMENT INTEREST, OR FILIAL CONSORTIUM.
Safeco avers that the trial court erred in failing to rule that the Ohayons are not entitled to attorney's fees, prejudgment interest, or filial consortium. We, however, do not reach the merits of these arguments.
These issues are not properly before this court as "[t]his court will not ordinarily consider a claim of error which is neither raised nor considered by the court below." (Citation omitted.) Egan v. Natl. Distillers Chem. Corp. (1986), 25 Ohio St.3d 176,177. As "there has been no damage award in this case[, t]he controversy is not ripe" on the issues of prejudgment interest or attorney's fees. Id. Moreover, "[i]t is elementary that questions not raised or passed upon by the lower courts will not be ruled upon by [this court]." Mills-Jennings, Inc.,70 Ohio St.2d at 99. Hence, we conclude that, as the trial court did not pass on these issues, the arguments in this assignment of error are not properly before this court and Safeco's third assignment of error is, therefore, overruled.
 III.
Safeco's first two assignments of error are sustained in part and overruled in part. Safeco's third assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J. and WHITMORE, J. CONCUR
[1] R.C. 3937.18(A)(2) states that
 [u]nderinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident.
 The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.