OPINION
Plaintiffs-appellants, Laura Gustin and Rita Nobis, co-administrators of the estate of Timothy I. Murphy, appeal from a decision and entry of the Franklin County Court of Common Pleas denying their summary judgment motion and granting the summary judgment motion of defendant-appellee, USAA Casualty Insurance Company.
The decedent, Timothy I. Murphy, died as a result of a single-vehicle automobile accident in Barren County, Kentucky, on December 30, 1997. Murphy was a passenger in an automobile driven by Kevin V. Sheriff. Sheriff was an insured under an auto-mobile liability policy issued by appellee and providing liability coverage in the amount of $300,000 per person and $500,000 per accident. Both Murphy and Sheriff were Ohio residents at the time of the accident. The automobile involved in the accident was registered in Ohio, and the insurance policy was issued in Ohio. Appellee paid Murphy's estate $300,000 in exchange for a Covenant Not to Sue and a Covenant Not to Execute. For the purposes of determining coverage issues in this case only, the parties stipulated that Murphy died as a result of the negligence of Sheriff.
Appellants filed a complaint for declaratory judgment on September 22, 1999, seeking to determine the rights and obligations under the insurance policy issued by appellee and asserting that R.C. 3937.18(H), allowing an insurer to limit its liability to the "each person limit" stated in the policy, is unconstitutional. Appellee filed an answer and counterclaim for declaratory judgment on October 7, 1999. Appellants filed an answer to appellee's counterclaim on October 14, 1999. Appellants filed a motion for summary judgment on November 16, 1999, asserting that R.C.3937.18 is unconstitutional and that the substantive law of Kentucky applied to determine appellee's liability under the insurance policy. Appellee filed a memorandum contra appellants' summary judgment motion and a cross-motion for summary judgment on December 16, 1999, arguing that Ohio contract law applied to this case and that R.C. 3937.18 is constitutional. Both parties filed a memorandum contra to the other party's summary judgment motion, as well as a reply to the other party's memorandum contra.
The trial court issued a decision and entry on January 5, 2000, finding that Ohio contract law applies and that R.C. 3937.18 is constitutional, resulting in appellants' recovery under the policy being limited to the $300,000 per person limit. Additionally, the trial court determined that the per person limit would apply even under Kentucky law. Thus, the trial court granted appellee's summary judgment motion and denied appellants' summary judgment motion. Appellants filed a timely notice of appeal.
On appeal, appellants assert two assignments of error:
 I. THE TRIAL COURT ERRED IN APPLYING OHIO CONTRACT LAW TO A LIABILITY CLAIM OCCURRING IN KENTUCKY.
 II. S.B. 20 AS AMENDED IN O.R.C. 3937.18 IS UNCON-STITUTIONAL.
An appellate court reviews a trial court's grant of summary judgment independently and without deference to the trial court's determination. Sadinsky v. EBCO Mfg. Co. (1999), 134 Ohio App.3d 54, 58. An appellate court applies the same standard as the trial court in reviewing a trial court's disposition of a summary judgment motion. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107. Before summary judgment can be granted under Civ.R. 56(C), the trial court must determine that:
 *** (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. ***
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511 (citingTemple v. Wean United, Inc. [1977], 50 Ohio St.2d 317, 327). Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In appellants' first assignment of error, they argue that the trial court erred by concluding that Ohio contract law, rather than Kentucky tort law, applied. We disagree.
Appellants' declaratory judgment action sought a declaration that Murphy's estate was entitled to recover up to $500,000 under the "each accident" limit of the insurance policy, rather than the $300,000 "per person" limit. Appellants argued that, because this action involves a wrongful death tort claim, under choice of law principles, Kentucky law, as the state where the accident occurred, applies. Appellants asserted that Kentucky law does not allow multiple liability claims to be limited to the "per person" limitation in the policy. Appellee argued that contract law applied because the action was seeking a declaration of rights under the insurance policy and that Ohio law applied under choice of law principles because the policy was issued in Ohio to an Ohio resident. The trial court agreed with appellee and granted its summary judgment motion, finding that contract law applied and that, under choice of law principles, Ohio law governs. Additionally, the trial court found that, even if Kentucky law applied, the "per person" limit in the policy would be the maximum that appellants could recover. Both parties essentially raise the same arguments on appeal.
We agree with the trial court that contract law, rather than tort law, applies to determine the limit of liability under the policy issued by appellee. In Fiste v. Atlantic Mut. Ins. Co. (1994), 94 Ohio App.3d 165,167, this court held that a cause of action against an insurer arising out of an automobile accident and involving the interpretation of an insurance policy sounds in contract, not in tort, despite the fact that the triggering event was an automobile accident. In Miller v. StateFarm Mut. Auto. Ins. Co. (C.A.6, 1996), 87 F.3d 822, 825, the United States Court of Appeals for the Sixth Circuit followed this court's holding in Fiste to conclude that contract law applied to determine an insurance company's liability under an insurance policy in an action arising out of an automobile accident. Moreover, the Supreme Court of Ohio recently applied contract law, rather than tort law, to determine the rights under an insurance policy of a decedent who was killed in an automobile accident. Csulik v. Nationwide Mut. Ins. Co. (2000),88 Ohio St.3d 17. Thus, the right of appellants to recover under the insurance policy issued by appellee is governed by contract law.
We also find that the trial court properly concluded that, under choice of law principles, Ohio law, rather than Kentucky law, applies because the insurance policy was issued in Ohio to an Ohio resident covering an automobile registered in Ohio. In Nationwide Mut. Ins. Co. v. Ferrin
(1986), 21 Ohio St.3d 43, 44, the Supreme Court of Ohio indicated that the law of the state where a contract is made controls the interpretation of the contract. In Gries Sports Enterprises, Inc. v. Modell (1984),15 Ohio St.3d 284, at paragraph one of the syllabus, the Supreme Court of Ohio adopted the test for determining which law applies in the absence of a choice of law provision in a contract. The factors a court must consider include:
(a) the place of contracting,
(b) the place of negotiation of the contract,
(c) the place of performance,
 (d) the location of the subject matter of the contract, and
 (e) the domicile, residence, nationality, place of incorporation and place of business of the parties.
Id. Under both of these holdings, Ohio law clearly applies. This court reached the same conclusion in Fiste, finding that Ohio law governed the interpretation of an insurance policy issued to an Ohio driver even though the accident occurred in Canada. Fiste, at 167-168. The United States Court of Appeals for the Sixth Circuit made a similar conclusion in Miller, holding that the insurance policy at issue must be interpreted under the law of the state where the insurance policy was issued, rather than the state where the accident occurred. Miller, at 825. Thus, Ohio law is applicable to determine appellee's liability to appellants under the policy.
Additionally, appellants assert that language in the insurance policy issued by appellee, indicating that it will provide "at least the minimum amounts and types of coverages required by law" for out-of-state automobile accidents, is ambiguous and should be strictly construed against appellee. In Csulik, the Supreme Court of Ohio found that language in an insurance policy providing that it would pay compensatory damages including derivative claims "due by law" was ambiguous as to which state law applied. Csulik, at 20. Thus, the Supreme Court of Ohio analyzed the various choice of law provisions in the insurance policy, construed them against the insurer due to the ambiguity, and concluded that the law of the state of the accident applied. Id. However, the holding in Csulik is limited to the unique provisions of the Nationwide policy at issue in the case, a policy which included conflicting choice of law provisions, and does not apply to a policy that does not contain a choice of law provision. Jordan v. State Farm Mut. Auto. Ins. Co. (Mar. 23, 2000), Columbiana App. No. 98-CO-62, unreported; see, also, Csulik, at 20-21 (concurring opinion of Justice Douglas indicating that the general principle that the law, where the contract was made, prevails except where the parties specifically alter that principle in the terms of the insurance policy). Thus, Csulik is clearly distinguishable in that the policy issued by appellee does not contain a choice of law provision. Moreover, as appellee asserts, appellants have waived any arguments as to the ambiguity of the language in the policy by not raising this argument before the trial court. Stewart v. State Auto.Mut. Ins. Co. (Oct. 7, 1999), Franklin App. No. 98AP-1601, unreported.
Thus, we conclude that the trial court did not err in finding that Ohio contract law applied to determine appellee's liability under the policy. Consequently, appellants' first assignment of error is overruled.
In appellants' second assignment of error, they argue that R.C.3937.18(H), as amended by Am. Sub. S.B. No. 20, is unconstitutional. We disagree.
In the complaint, appellants alleged that R.C. 3937.18 violated several provisions of the Ohio Constitution, including the right to a remedy, equal protection, limitation of damages, separation of powers, and the "one subject" rule. The trial court recognized that both the Supreme Court of Ohio and this court have upheld the validity of the statute and, as a result, rejected appellants' constitutional challenges.
In Beagle v. Walden (1997), 78 Ohio St.3d 59, the Supreme Court of Ohio rejected constitutional challenges to R.C. 3937.18 based on alleged violations of the one subject rule, separation of powers, equal protection, right to a remedy, and the privileges and immunities clause. In Plott v. Colonial Ins. Co. (1998), 126 Ohio App.3d 416, 422, the Court of Appeals for Stark County held that R.C. 3937.18 did not violate the limitation of damages clause. Additionally, this court has held that the statute is constitutional as applied to claims for wrongful death.Carrier v. State Farm Mut. Auto. Ins. Co. (Sept. 16, 1999), Franklin App. No. 98AP-1291, unreported; Scancarello v. Erie Ins. Co. (July 25, 1996), Franklin App. No. 96APE01-166, unreported.
Therefore, the trial court did not err by concluding that R.C.3937.18(H), allowing an insurer to limit all bodily injury claims for one person injured in an automobile accident to the "per person" limitation in the policy, is constitutional. Consequently, appellants' second assignment of error is overruled.
Based upon the foregoing reasons, appellants' two assignments of error are overruled, and the decision of the Franklin County Court of Common Pleas granting appellee's motion for summary judgment is affirmed.
PETREE and LAZARUS, JJ., concur.