OPINION.
Defendants-appellants, Anthony Brazzle and Shantay Jackson, appeal the summary judgment granted by the Hamilton County Court of Common Pleas in favor of plaintiff-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"), in a declaratory-judgment action. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
The instant case arises out of an automobile accident that occurred in Grant County, Kentucky. The decedent, Anthony D. Jackson, was killed when his automobile collided with the car driven by Donald Cuthbert. Both Anthony Jackson and Cuthbert were Ohio residents at the time of the accident. Cuthbert was insured by State Farm pursuant to a policy executed in Ohio.
The appellants, in their own capacity and as co-administrators of the decedent's estate, filed a personal-injury action in Grant County, Kentucky. They ultimately settled the suit with State Farm for the amount of the policy limits, less $67,500. That sum represented the unpaid amount claimed by the appellants for loss of consortium and loss of services. Pursuant to the terms of the settlement reached in the Kentucky litigation, the parties agreed to defer litigating the issues of loss of consortium and loss of services until a later date. In dispute was the clause in Cuthbert's policy obligating State Farm to "pay damages which an insured becomes legally liable to pay because of * * * bodily injury to others * * *."
In October 2000, State Farm filed a complaint for declaratory judgment in the Hamilton County Court of Common Pleas. In its complaint, State Farm sought a judgment declaring that Ohio law applied to the remaining claims. According to State Farm, R.C. 3937.44 foreclosed the appellants' derivative claims for loss of consortium and loss of services.[1] The appellants contended that Kentucky law applied to the dispute, and that they were therefore entitled to collect from the remaining funds for loss of consortium and loss of services.
State Farm and the appellants filed motions for summary judgment, and in an entry dated July 13, 2001, the trial court granted summary judgment in favor of State Farm. In a single assignment of error, the appellants now argue that the trial court erred in granting summary judgment in favor of State Farm. We agree.
Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[2]
This court reviews the granting of summary judgment de novo.[3]
In Morgan v. Biro Mfg. Co., Inc.,[4] the Supreme Court of Ohio adopted the Restatement of the Law of Conflicts in determining the law to be applied in a tort action. Pursuant to Morgan, the law of the place of injury is presumed to control "unless another jurisdiction has a more significant relationship to the lawsuit."[5] The factors to be considered in determining whether another jurisdiction has a more significant relationship to the action are (1) the place of the injury, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, (4) the place where the relationship, if any, between the parties is located, and (5) any factors under Section 6 of the Restatement that the court may deem relevant.[6]
In the case at bar, the presumption of lex loci delicti was not rebutted. The site of the injury, the site of the conduct leading to the injury, and the place of the relationship between the parties[7] were in Kentucky. Although the domicile of Cuthbert and the decedent was Ohio, and the automobiles were registered in Ohio, those circumstances were insufficient to rebut the presumption that Kentucky law applied. As the Supreme Court of Ohio stated in a similar context in Kurent v.Farmers Ins. of Columbus,[8] "[t]he notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to the contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment." Here, because the tort was committed on the highways of Kentucky, and because no other state was shown to have a more significant interest in the action, Kentucky law should have applied. Thus, we hold that the trial court erred in determining that Ohio law controlled.
We note that the trial court based its holding on its characterization of the dispute as a contract issue rather than a tort issue. We believe that this analysis was flawed for several reasons. First, even though an insurance contract was involved in the dispute, the damages claimed by the decedent and the appellants against Cuthbert and his insurer arose from an automobile accident and therefore sounded in tort. Moreover, the policy language at issue involved a determination of the "damages which an insured becomes legally liable to pay" and therefore implicated substantive tort law; the insurance contract itself did not indicate the measure of damages.[9] Finally, even though the contract between Cuthbert and his insurer was entered into in Ohio, the decedent was not a party to that contract, and neither were the appellants. The only relationship between the decedent and Cuthbert was their involvement in an accident on a Kentucky highway. Thus, Ohio cannot be said to have had a greater interest in the action with respect to the appellants' claims merely because Cuthbert and State Farm had executed the policy in Ohio.[10]
Accordingly, we sustain the appellants' assignment of error and hold that Kentucky law governs the dispute between the parties. Although State Farm argues that, even under Kentucky law, it is not liable for loss of consortium and loss of services, that issue was not fully briefed and argued before this court. Furthermore, the parties indicated at oral argument that the status of Kentucky law with respect to the issue is presently unsettled. Therefore, we reverse the judgment of the trial court and remand the cause with instructions for the trial court to apply the law of Kentucky.
Judgment reversed and cause remanded.
Painter, P.J., and Sundermann, J., concur.
[1] State Farm claims that its obligation to pay for loss of consortium was satisfied when it settled the claim of Gertrude Jackson, the decedent's wife, for $32,500.
[2] State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 639 N.E.2d 1189, 1192.
[3] Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129, 572 N.E.2d 198, 199.
[4] (1984), 15 Ohio St.3d 339, 341-342, 474 N.E.2d 286, 288.
[5] Id. at 342, 474 N.E.2d at 289.
[6] Id.
[7] The only contact between the decedent and Cuthbert was the accident that led to the injuries. A contract of insurance was involved, but, as we discuss below, the contract between Cuthbert and his insurer did not control the conflict-of-law issue in the case at bar. We do note that State Farm is an Illinois-based corporation, but that none of the parties has contended that Illinois law controls.
[8] (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533, 536. AlthoughKurent is factually distinguishable from the instant case in that it involved an uninsured/underinsured policy entered into in Ohio, we find the quoted language to be instructive. The instant case does not concern a contract between the decedent or the appellants and State Farm, but the absence of that circumstance tips the scale even more forcefully in favor of lex loci delicti than was the case in Kurent.
[9] See Csulik v. Nationwide Mut. Ins. Co. (2000), 88 Ohio St.3d 17,20, 723 N.E.2d 90, 92.
[10] The case at bar is thus fundamentally different from most of the cases cited by the trial court in support of its holding. In the majority of the cases that the trial court relied upon, the plaintiff had brought a claim against his own insurer for uninsured or underinsured coverage. See, e.g., Fiste v. Atlantic Mut. Ins. Co. (1994), 94 Ohio App.3d 165,640 N.E.2d 551. But, see, Gustin v. USAA Cas. Ins. Co. (Feb. 13, 2001), Franklin App. No. 00AP-130, unreported, jurisdictional motion overruled (2001), 91 Ohio St.3d 1525, 747 N.E.2d 251 (law of the place of contract applied to an action against tortfeasor's insurer). While the application of lex loci contractus is arguably proper in an action by an insured against his insurer, we do not agree with the Tenth District Court of Appeals that the doctrine is properly applied where the action is against the tortfeasor's insurer.