FISTE, Appellant,

v.

ATLANTIC MUTUAL INSURANCE COMPANY et al.;
Automobile Club Insurance Company, Appellee.

[Cite as *Fiste v. Atlantic Mut. Ins. Co.* (1994), 94 Ohio App.3d 165.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE09–1353.

Decided March 31, 1994.

*E.S. Gallon & Associates* and *James D. Dennis,* for appellant.

*Crabbe, Brown, Jones, Potts & Schmidt, Theodore D. Sawyer* and *Steven A. Davis,* for appellee Automobile Club Insurance Company.

BOWMAN, Judge.

On September 22, 1989, David Fiste, appellant, was driving in Ontario, Canada, when his vehicle was struck head-on by a drunk driver, Kenneth Collier, a Canadian citizen. Fiste sustained serious injuries in the accident and has incurred more than $250,000 in medical costs. Although there was no dispute as to liability, Fiste did not receive enough from the tortfeasor's insurer to cover his damages and turned to his own insurer, appellee, Automobile Club Insurance Company ("Auto Club"), for additional payment. Auto Club paid appellant $5,000, the amount Auto Club claims is owed Fiste under the terms of the insurance contract.

On September 23, 1991, Fiste initiated the instant action against Auto Club and against the Atlantic Mutual Insurance Company, in which he alleged that Auto Club owed him an additional $20,000 in medical care expenses based upon provisions of both his policy and Canadian law. Atlantic Mutual Insurance Company was voluntarily dismissed as a defendant in February 1992, and the matter proceeded against Auto Club. In March 1993, the parties agreed that the facts in this matter were not in dispute and the matter was submitted to the trial court on the briefs. On August 23, 1993, the trial court entered a decision in favor of Auto Club and final judgment was entered September 16, 1993.

In its decision, the trial court agreed with Auto Club that:

" * * * The insured selects what amount of coverage he wishes to have at the time he contracts with the company and pays a premium based upon that amount of coverage. The fact that he chose $5,000 instead of $25,000 does not render him liable to anyone in Canada. He simply chose an amount of coverage which now most likely made it difficult to pay his physicians since he was so seriously injured. * * * "

Although this matter originated with a tort, the trial court found that the actual dispute between Auto Club and Fiste is contractual and is governed by the state in which the contract is executed, in this case, Ohio. Thus, the court found that Canadian law was of no effect, since the issue did not involve Fiste's liability for injury to a Canadian citizen but, rather, involved Auto Club's contractual obligation to its own insured.

Fiste's appeal assigns the following as error:

"First Assignment of Error

"The trial court erred to the prejudice of plaintiff-appellant by failing to hold that he was entitled to the maximum limit of medical payments coverage benefits of $25,000.00 as provided by the law of Canada, since his injury occurred there due to the negligence of a Canadian tortfeasor, the collision which triggered his insurance policy coverage occurred there, his insurance policy with defendant-appellee provided for coverage in accordance with Canadian law, and defendant-appellee agreed with the Canadian government to be bound by Canadian law with regard to motor vehicle collisions and injuries involving its insureds there.

"Second Assignment of Error

"The trial court erred to the prejudice of plaintiff-appellant because even if the law of Ohio is applied herein, he is still entitled to the $25,000.00 Canadian compulsory medical payments coverage limit because the policy language so states and because the public policy of Ohio so mandates."

Fiste's first assignment of error asserts that, because Canadian law requires all motor vehicle insurance policies to cover medical expenses to the limit of $25,000 per person and because Auto Club executed a power of attorney and undertaking by which Auto Club agreed to abide by such limits should its insureds become involved in a motor vehicle accident in Canada, Auto Club was required to provide medical payment coverage to Fiste in the amount of $25,000, rather than the $5,000 limit reflected on Fiste's declarations sheet. By contrast, Auto Club argues that this is a matter between Auto Club, an Ohio entity, and Fiste, an Ohio resident, and arises out of Ohio contract law; thus, Auto Club asserts that Canadian law does not govern.

Although the triggering event to this cause of action was the automobile accident which occurred in Canada, because Fiste's cause of action herein is against his own insurer, as to Auto Club's contractual obligation to Fiste himself, and involves interpretation of a contract executed in Ohio by Ohio residents, this matter sounds in contract and not in tort. "It is well-settled in Ohio that in cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." *Nationwide Mut. Ins. Co. v. Ferrin* (1986), 21 Ohio St.3d 43, 44, 21 OBR 328, 329, 487 N.E.2d 568, 569. In a case involving the

interpretation of a contract of insurance, the relevant factors are the location of the execution, negotiation or performance of the contract, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* at 45, 21 OBR at 330, 487 N.E.2d at 569–570, citing 1 Restatement of the Law 2d, Conflict of Laws (1971), Section 188.

The fact that the accident in this case occurred in Canada and was caused by a Canadian resident was not relevant, since payment to Fiste under the medical payments section of his policy with Auto Club is not dependent upon the location of the accident or the nationality of the tortfeasor but, instead, is a contractual obligation owed Fiste by Auto Club, and dependent only upon a showing by Fiste that he was involved in an accident and sustained injuries requiring medical treatment. Thus, neither Fiste's cited case of *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533, nor *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 15 OBR 463, 474 N.E.2d 286, applies to the facts of the instant case.

In order to do business in Canada, Auto Club executed a power of attorney and an undertaking which provides in part as follows:

"Auto Club Group Insurance Company * * * hereby, with respect to an action or proceeding against it or its insured, or its insured and another or others, arising out of a motor-vehicle accident in any of the respective Provinces or Territories, appoints [specified Canadian officials] * * * to do and execute all or any of the following acts, deeds, and things, that is to say: To accept service of notice or process on its behalf.

"Auto Club Group Insurance Company aforesaid hereby undertakes:

"A.   To appear in any action or proceeding against it or its insured in any Province or Territory in which such action has been instituted and of which it has knowledge:

" * * *

"C.   Not to set up any defense to any claim, action, or proceeding, under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had been entered into in, and in accordance with the law relating to motor-vehicle liability insurance contracts of the Province or Territory of Canada in which such action or proceeding may be instituted, and to satisfy any final judgment rendered against it or its insured by a Court in such Province or Territory, in the claim, action, or proceeding * * *."

Auto Club's execution of this power of attorney and undertaking by which it agreed to abide by Canadian law is not decisive of the issues raised herein, since

that document applies only to causes of action arising in Canada and litigated in Canadian courts. The power of attorney and undertaking does not purport to require Auto Club to be bound by Canadian law with respect to actions against Auto Club by Ohio residents arising out of a contract of insurance executed in Ohio. The power of attorney and undertaking does not apply to the portion of the contractual agreement between Auto Club and Fiste by which Auto Club agreed to pay medical costs arising out of Fiste's accidental injury but, instead, is intended to protect Canadian citizens against the actions of foreign tortfeasors. We therefore overrule Fiste's first assignment of error.

In his second assignment of error, Fiste argues that the plain language of his policy with Auto Club requires Auto Club to pay Fiste the $25,000 minimum required by Canadian law, rather than pay Fiste just $5,000 as the amount due him in medical payments.

At issue is the effect of two separate provisions contained in Fiste's policy with Auto Club. In Part I, designated "Liability Coverage," the policy provides:

"INSURING AGREEMENT

"A. We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. Damages include pre-judgment interest awarded against the 'insured.' We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will [illegible] all defense costs we incur. Our duty to settle [illegible] defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy."

Part II of the policy is designated "Medical Payments Coverage" and reads:

"INSURING AGREEMENT

"A. We will pay reasonable expenses incurred for necessary medical and funeral services because of 'bodily injury':

"1. Caused by accident; and

"2. Sustained by an 'insured.'

" * * *

"B. 'Insured' as used in this Part means:

"1. You or any 'family member':

"a. while 'occupying'; or

"b. as a pedestrian when struck by; a motor vehicle designed for use mainly on public roads or a trailer of any type.

"2.  Any other person while 'occupying' 'your covered auto.'

" * * *

"LIMIT OF LIABILITY

"A.  The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for each person injured in any one accident.  This is the most we will pay regardless of the number of:

"1.  'Insureds';

"2.  Claims made;

"3.  Vehicles or premiums shown in the Declarations;  or

"4.  Vehicles involved in the accident."

We agree with Auto Club that Parts I and II of the policy are intended to be read separately and that, while Auto Club agreed to abide by Canadian law by providing $25,000 coverage for any damages Fiste might be required to pay as the result of an accident while driving in Canada, that limit of liability applied only in the event Fiste was the tortfeasor.  Fiste was not entitled to payment for his own injuries under the Liability Coverage section of the policy.  Thus, the only part of the policy entitling Fiste to payment from Auto Club for his medical expenses is contained in Part II of the policy, obligating Auto Club to pay reasonable expenses caused by accident and sustained by its insured.  As a result, Fiste was entitled to only $5,000 in medical payment coverage, and he only paid premiums based upon that limit.

As the trial court notes, it is indeed unfortunate that Fiste sustained serious injuries and accrued medical expenses far in excess of the $5,000 paid him under his policy with Auto Club.  Nevertheless, $5,000 is the amount of payment due him under the policy and for which Auto Club is contractually obligated.  Fiste's second assignment of error is overruled.

Having overruled Fiste's first and second assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

Since I disagree with the majority opinion, I respectfully dissent.

The policy involved here includes the following language:

"OUT OF STATE COVERAGE

"If an auto accident to which this policy applies occurs in any state or province other than the one in which 'your covered auto' is principally garaged, we will interpret your policy for that accident as follows:

"A. If the state or province has:

"1. A financial responsibility or similar law specifying limits of liability for 'bodily injury' or 'property damage' higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

"2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum *amounts* and *types* of coverage." (Emphasis added.)

The policy clearly is intended to apply to collisions occurring in Canada, as shown by the reference to "province."

The above provisions are placed within the "LIABILITY COVERAGE" section of the policy and, hence, the out-of-state coverage section does not automatically apply to medical payments coverage. The separate "MEDICAL PAYMENTS COVERAGE" section of the policy contains no references to out-of-state coverage, either by addition or deletion.

The out-of-state coverage language set forth above specifically states in subsection (A)(1) that, if the foreign state or province has a financial responsibility or similar law which specifies limits of liability for "bodily injury" or "property damage" which are higher than the policy limits, then the policy will provide the higher foreign limit. However, in subsection (A)(2), there is no such specific language limiting the types of coverage. Indeed, subsection (A)(2) states that the policy will provide at least the foreign state's or province's "minimum *amounts* and *types* of coverage." (Emphasis added.) This provision, therefore, is not limited in any way with regard to the type of coverage to which it applies and, in fact, expressly states that the policy will provide the types of coverage required in the foreign state or province. The typical purchaser of insurance would not automatically construe this reference to out-of-state coverage as applying only to liability coverage.

Section 232(1), Chapter 218, of the Revised Statutes of Ontario provides:

"Every contract evidenced by a motor vehicle liability policy shall provide the medical and rehabilitation benefits set forth in subsection (1) of Schedule C subject to the limits, terms and conditions set forth in Schedule C."

Schedule C mandates that the insurer provide:

"1. All reasonable expenses incurred * * * for necessary medical, surgical, dental * * * hospital * * * and for such other services and supplies which are

* * * essential for the treatment, occupational retraining or rehabilitation of said person, to the limit of $25,000 per person."

Thus, Ontario requires that every insurance contract provide at least a $25,000 limit for medical payments coverage.

In conjunction with this statute, I note the language in the undertaking entered into by appellee and the Canadian government. In this, appellee undertook:

"Not to set up any defense to any claim, action, or proceeding, under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had been entered into in, and in accordance with the law relating to motor-vehicle liability insurance contracts of the Province or Territory of Canada in which such action or proceeding *may* be instituted, and to satisfy any final judgment rendered against it or its insured by a Court in such Province or Territory, in the claim, action, or proceeding, up to

"(1) the limit or limits of liability provided in the contract; but

"(2) in any event an amount not less than the limit or limits fixed as the minimum for which a contract of motor-vehicle liability insurance may be entered into in such Province or Territory of Canada, exclusive of interest and costs and subject to any priorities as to bodily injury or property damage with respect to such minimum limit or limits as may be fixed by the Province or Territory." (Emphasis added.)

Therefore, in signing this undertaking and in issuing the policy containing the previously discussed language, appellee clearly contemplated that its policyholders would travel in Canada and promised that appellee's policies would comply with Canadian law.

At the same time, the reasonable expectation of a policyholder from a company providing motor vehicle insurance is that the insurance will permit the policyholder to operate a motor vehicle legally within a reasonable geographic radius of the policyholder's residence. In Ohio, purchasers of an insurance policy should at least be able to expect that their insurance policy will permit them to operate in states and provinces which share borders with Ohio unless the policy clearly advises the purchasers to the contrary.

Given the expectation of policyholders generally and the representation of appellee to the Canadian government that appellee will issue its policies and otherwise conduct itself in accord with Canadian law, I am not inclined to limit appellee's obligation to this policyholder to the $5,000 sum which is listed only on the declarations page.

I also note that the declarations page at the time the policy was issued included the following language:

"UNLESS A SPECIFIC PREMIUM CHARGE IS MADE FOR COVERAGES A AND B, THIS POLICY DOES NOT PROVIDE BODILY INJURY OR PROPERTY DAMAGE LIABILITY INSURANCE AND DOES NOT COMPLY WITH ANY FINANCIAL RESPONSIBILITY LAW."

A normal reading of the warning would imply that if, as appellant did, policyholders bought coverages A and B, then the policy coverage *was* in compliance with financial responsibility laws.

In theory, appellee could issue a policy which had medical payments coverage which is less than that required in Canada. However, appellee should place a warning on its declarations page which adequately advises its policyholders that the coverage provided is insufficient to permit the policyholders to operate a motor vehicle lawfully in Canada. In that event, appellee should also advise the Canadian government that appellee is issuing policies which do not comply with Canada's requirement.

I also feel that Ohio citizens, having purchased policies which lead them to believe that they can legally operate a motor vehicle in Canada, should not have to file suit in the Canadian courts in order to receive the full sum to which they are entitled under Canadian law. I note that the Canadian courts have already ruled in a way incompatible with the majority ruling today. See *Re Allstate Ins. Co. v. Minister of Consumer & Commercial Relations for Ontario* (1973), 32 Dominion L.R.3d 655.

Taking all of the above together, I would construe the policy to provide that coverage which Canadian case law and statute required, and which appellee promised to provide. Since the majority ruling does not, I respectfully dissent.