MOTORISTS MUTUAL INSURANCE COMPANY, Appellant,

v.

HOWARD et al., Appellees.

[Cite as *Motorists Mut. Ins. Co. v. Howard* (1996), 110 Ohio App.3d 709.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–95–83.

Decided May 2, 1996.

*Betts, Miller & Russo, Stephen C. Betts* and *Jonathan P. Starn,* for appellant.

*Manahan, Pietrykowski, Bamman & Delaney* and *Glenn E. Wasielewski,* for appellees.

THOMAS F. BRYANT, Judge.

This is an appeal by plaintiff-appellant Motorists Mutual Insurance Company ("Motorists") from a declaratory judgment entered by the Court of Common Pleas of Allen County in favor of defendants-appellees James R. Howard and Betty Foust.

On June 23, 1988, Howard was driving his motor vehicle in the no-fault insurance province of Ontario, Canada when he was struck by a vehicle driven by a Canadian citizen. The Canadian citizen was determined to be the tortfeasor. At the time of this accident, Howard had an automobile insurance policy in effect with Motorists that provided coverage for himself and the occupants of his vehicle. Howard and his passenger Foust both sustained injuries in the accident that did not allow them to return to their employment. Commencing on or about September 9, 1988, Motorists, pursuant to its insurance policy with Howard and Ontario's no-fault insurance laws, began to pay both Howard and Foust weekly disability payments. Approximately three years later, in September 1991, Motorists ceased the payments and later notified Howard and Foust that they were terminated because after further review Motorists believed that it was not bound by the provisions of Ontario law requiring such payments. Motorists also requested that Howard and Foust reimburse it for the payments previously made.

On January 14, 1993, Motorists filed a complaint for declaratory judgment against Howard and Foust, seeking a determination whether it was required to resume weekly disability payments. Motorists also sought a declaration that Howard and Foust were required to reimburse the sums previously paid them. Howard and Foust filed their answer, and later an amended counterclaim, seeking the resumption of payments, money damages and asserting a claim of bad faith against Motorists.

Thereafter, both parties filed motions for summary judgment. On March 31, 1994, the trial court entered its judgment declaring that Motorists was required to pay both defendants weekly disability payments. On April 29, 1994, Motorists appealed this judgment to this court. Because there were outstanding claims remaining between the parties, and because the trial court had not determined that there was no just cause for delay pursuant to Civ.R. 54(B), we dismissed the

appeal for want of a final appealable order and remanded the cause for further proceedings. See, also, R.C. 2505.02.

On November 22, 1995, the trial court, by agreement of the parties, dismissed all outstanding claims, and on December 8, 1995, Motorists filed the present appeal.

■ Now on appeal, Motorists asserts one assignment of error:

"The Allen County Court of Common Pleas committed prejudicial error when it ordered that appellant, Motorists Mutual Insurance Company, had an obligation, pursuant to an Ohio contract for insurance, to provide disability benefits to the appellees pursuant to the laws of Ontario, Canada."

Motorists asserts that the trial court erred by determining that it is required to pay Howard and Foust weekly disability benefits. The trial court found that pursuant to *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533, Motorists is obligated to pay Howard and Foust these benefits based on the policy of insurance issued to Howard, in accordance with Canadian law as mandated by *Kurent,* as well as by Motorists' separate agreement with Canada. Motorists urges this court to hold that only the law of Ohio should apply because the insurance policy was executed in Ohio for an Ohio resident with the vehicle in question garaged principally in Ohio. If this view is adopted, Motorists would have no obligation to pay Howard and Foust weekly disability benefits. Motorists also seems to argue, alternatively or otherwise, that Ontario's no-fault insurance laws only require it to provide liability benefits in the event that Howard is deemed liable to another while operating his vehicle in Canada. In any event, Motorists asserts that it is not required to pay weekly disability benefits to Howard and Foust.

In *Kurent,* at syllabus, it is stated:

"When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws." See, also, *Morgan v. Biro Mfg. Co.* (1984), 15 Ohio St.3d 339, 15 OBR 463, 474 N.E.2d 286.

In applying Michigan's no-fault insurance laws instead of Ohio's insurance law, the Ohio Supreme Court stated:

"Michigan law determines [the tortfeasor's] legal liability to the Kurents. He is a Michigan resident and the accident occurred in Michigan. A motorist traveling in Michigan accepts Michigan law as it pertains to accidents occurring in Michigan. That motorist does not have the option, for example, of claiming

that Ohio's speed limit or traffic laws govern simply because the motorist resides in Ohio. The notion that Ohio law somehow controls the amount of damages flowing from torts committed on Michigan highways is akin to a contention that a Michigan resident who commits murder in Ohio is exempt from the death penalty because Michigan does not recognize capital punishment." *Kurent,* 62 Ohio St.3d at 246, 581 N.E.2d at 536.

In *Kurent,* Ohio residents injured in an accident in Michigan, by a Michigan resident determined to be the tortfeasor, attempted to recover uninsured motorist benefits pursuant to Ohio law and their insurance policy with Farmers. While the Kurents had a right to pursue uninsured benefits as provided for within their insurance policy with Farmers, the Ohio Supreme Court stated that the ultimate issue of whether they could recover such benefits could be determined only by the application of Michigan's no-fault insurance laws. Although *Kurent* involved the no-fault insurance state of Michigan, we believe that its rationale is equally applicable to the case at bar involving the no-fault insurance province of Canada.

Hence, we believe, as the trial court did, that pursuant to *Kurent* the issue of whether Motorists is obligated to pay Howard and Foust weekly disability benefits must be determined by the insurance policy issued by Motorists to Howard in accordance with the application of Ontario's no-fault insurance laws.

■ We first note that the policy specifically states that Canada is part of the policy territory, see "Part F—General Provisions," and the use of the word "province" in the provision below clearly indicates that Motorists contemplated that its insureds might use their vehicles to travel in Canada, to which the following provision would then apply. The insurance policy issued by Motorists to Howard states:

"OUT OF STATE COVERAGE

"If an auto accident to which this policy applies occurs in any state or province other than the one in which *your covered auto* is principally garaged, we will interpret your policy for that accident as follows:

"A. If the state or province has:

"1. A financial responsibility or similar law specifying limits of liability for *bodily injury* or *property damage* higher than the limit shown in the Declarations, your policy will provide the higher specified limit. [Emphasis *sic.*]

"2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or *province, your policy will provide at least the required minimum amounts and types of coverage."* (Emphasis added.)

This provision is within the liability section of Howard's policy. Motorists argues that this provision is to be construed to provide liability coverage only, *i.e.*, bodily injury and property damage to another when Motorists' insured is determined to be the tortfeasor. After review, we disagree for the following reasons.

Although contained within the liability section of the policy, the provision above does not contain any language limiting its application to liability only and the policy must be construed as a whole, not in separate parts that would be most favorable to Motorists. We believe the plain language of this provision required Motorists to provide to Howard, and his passenger Foust, those "required minimum amounts and types of coverages" that they needed for lawful vehicular travel within Canada. Ontario, Canada is a no-fault insurance province and the laws promulgated to implement this policy provide for weekly disability benefits when a motorist, and any other individual deemed an insured, is unable to return to employment after a vehicular collision on Ontario roadways. See Ontario Automobile Policy, Part B, section 2.22. Thus, we believe that because the accident here occurred in Ontario, Canada, Motorists is required to provide no-fault insurance coverage, including weekly disability benefits, to Howard and Foust, as specified by its insurance policy issued to Howard implementing Ontario, Canada law. Insurers issuing such policies are required to meet their obligations to their insureds. We believe that Motorists is asked to do nothing more than it bargained to do when it accepted premiums from Howard for the issuance of the insurance policy in question.

■ Further, Motorists and Canada have a separate insurance related agreement called "Power of Attorney and Undertaking." This agreement provides as follows:

"Motorists Mutual Insurance Company aforesaid hereby undertakes:

" * * *

"C. Not to set up any defence to any claim, action, or proceeding, under a motor-vehicle liability insurance contract entered into by it, which might not be set up if the contract had been entered into in, *and in accordance with the law relating to motor-vehicle liability insurance contracts of the Province* or Territory of Canada in which such action or proceeding *may* be instituted, and to satisfy any final judgment rendered against it or its insured by a Court in such Province or Territory, in the claim, action or proceeding * * *."

Clearly, this provision precludes Motorists from asserting "any defence" to "any claim" that it would not be allowed to assert if the insurance policy were entered into "in accordance with the law relating to motor-vehicle liability insurance contracts" of Ontario, Canada. Motorists' claim is that it is not

required to pay Howard and Foust disability benefits because Ohio law does not provide for such benefits. However, pursuant to the above provision, this defense is not one that Motorists is now able to assert. If allowed to assert this defense, Motorists would be in direct contravention of its power of attorney agreement with Canada. We believe that Motorists is bound by this agreement with Canada and, therefore, Ontario's no-fault insurance laws, as effected by the standardized "Ontario Automobile Policy." Pursuant to Part B, Section 2.22 of the Ontario Automobile Policy, both Howard and Foust are deemed insureds qualifying for weekly disability benefits. (See, also, Part A, Section 1.1.) Further, it is not necessary for Howard and Foust to file an action in Canada to enforce the power of attorney agreement. This agreement does not state as a condition precedent to enforcement that an individual must institute an action in Canada, and, indeed, the plain language states that an action may be instituted in Canada. We believe that the proper construction of Motorists' power of attorney agreement with Canada is that when one of Motorists' insureds is involved in a collision in Canada, Motorists is bound by the applicable laws of Canada relating to compensation of persons injured in that collision.

Finally, Motorists argues that *Fiste v. Atlantic Mut. Ins. Co.* (1994), 94 Ohio App.3d 165, 640 N.E.2d 551, requires that the law of Ohio only be used in determining whether Howard and Foust should receive disability benefits. First, we disagree for the reasons previously stated. Second, as an appellate court we are bound by the decisions of the Supreme Court of Ohio, and we believe that the majority opinion in *Fiste* fails to abide by the rule enunciated in *Kurent, supra.* The majority opinion in *Fiste* allows an insurer, such as Motorists here, to escape its contractual obligations pursuant to its policy of insurance issued to its insureds. Third, *Fiste* undermines at least part of Ontario's no-fault insurance laws in that an insurer such as Motorists is required, and has agreed, to provide its insureds certain benefits in certain circumstances when those insureds are traveling in Ontario, including providing weekly disability benefits to those injured motorists that are unable to return to employment or that otherwise qualify under Ontario provincial laws. Last, we believe the better view is expressed by Judge Tyack's dissenting opinion in *Fiste* and Judge Sherck's opinion in *Rixey v. Nationwide Mut. Ins. Co.* (Feb. 1992), Lucas App. No. L-91-064, unreported, 1992 WL 32004. Both judges concluded, with the latter judge citing *Kurent,* that this type of case is resolved based on the no-fault laws of the foreign jurisdiction, not by application of Ohio law. The fairness of this conclusion is readily apparent when viewed as requiring insurers to meet their contractual obligations to their insureds when those insureds are injured on the roadways of a no-fault state or province.

Therefore, we hold that Motorists is required to pay Howard and Foust weekly disability benefits pursuant to the applicable limits of Ontario no-fault insurance laws.

Accordingly, this assignment of error is not well taken.

The judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.